UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN M.,

                Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:23-cv-05030-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB") Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the Administrative Law Judge's ("ALJ") decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

      On September 9, 2020, plaintiff filed an application for DIB, alleging a disability onset date of March 15, 2019. AR 225-226. His application was denied initially and upon reconsideration. On December 21, 2021, a hearing was held before ALJ Malcolm Ross. AR 47-84. On February 2, 2022, the ALJ issued an unfavorable decision finding plaintiff not to be disabled. AR 22-42. The Appeals Council declined plaintiff's request for review. AR 7-9.

The date last insured is December 31, 2024. AR 50. The ALJ found plaintiff had the severe impairments of cervical degenerative disc disease status post-fusion, bilateral carpal tunnel syndrome, right cubital tunnel syndrome, asthma, and depression. AR 27. After presenting a hypothetical to the Vocational Expert, AR 73-77, the ALJ determined plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: never climbing ladders, ropes or scaffolds; occasional bilateral overhead reaching and frequent bilateral handling, fingering, and feeling; occasional exposure to hazards such as unprotected heights and dangerous machinery; occasional exposure to concentrated fumes, odors, dusts, gases and poor ventilation; and working in a work environment without conveyor belt-paced production requirements and where standard work breaks are provided AR 30.

The ALJ found that plaintiff would be unable to perform any past relevant work but found that plaintiff had the RFC to perform the following light, unskilled work: (1) Routing Clerk, (2) Marker, and (3) Cafeteria Attendant. AR 40-41.

The ALJ made an alternative finding, that even if plaintiff's manipulative limitations were credited, he could still perform the following light, unskilled work: (1) School Bus Monitor, (2) Usher, and (3) Children's attendant. AR 41.

STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

**1. Medical evidence.**

Plaintiff acknowledges that no assessment of work-related limitations by a treating physician appears in the medical records considered by the ALJ. *See* Dkt. 10 at 3. But plaintiff contends that the record supports his testimony about his functional limitations. *Id*. Plaintiff argues that the ALJ "failed to develop the record by obtaining a medical opinion from a treating or examining physician, and instead relied entirely on the opinions of non-examining physicians employed by social security." *Id*.

Although a plaintiff bears the overall burden of proving disability, the ALJ in a social security case bears an independent and "'special duty to fully and fairly develop the record and to assure the claimant's interests are considered.'" *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). Importantly, this duty extends not only to unrepresented claimants, but also to cases where the claimant has representation. *See id*.; *see also Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003).

The existence of ambiguous evidence triggers the ALJ's duty to "conduct an appropriate inquiry." T*onapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen*, 80 F.3d at 1288). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.* (citations omitted).

The regulations additionally allow the ALJ to order further consultative examinations to "resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision." 20 C.F.R. § 404.1519a(b). Further development of the record is required when the additional evidence needed is not contained in the records of the claimant's medical sources, and when highly technical or specialized medical evidence not available from the claimant's medical sources is needed. *See id.* Once the duty to further develop the record is triggered, failure to do so constitutes reversible error. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150-51 (9th Cir. 2001).

Plaintiff does not identify any specific assignment of error in the ALJ's evaluation of the state agency medical consultants Norman Stanley, M.D. and Dorothy Leong, M.D. or state agency psychology consultants Rita Flanagan, Ph.D. and Stephen Drake, Ph.D. The ALJ found the opinions of Dr. Stanley and Dr. Leong to be persuasive and found the opinions of Dr. Flanagan and Dr. Drake to be generally persuasive. AR 38-39. Plaintiff contends that the opinions are lacking in supportability and consistency but does not argue how they are lacking. *See* Dkt. 10 at 6.

The ALJ found the opinions of Dr. Stanley and Dr. Leong to be persuasive on the basis that (1) they were based on a thorough review of the available medical records and a comprehensive understanding of agency rules and regulations, (2) physical examinations found in the medical record revealed findings that are consistent with a greater level of functioning than alleged by the claimant, (3) the opinions were consistent with plaintiff's demonstrated activities of daily living, (4) the opinions were consistent with plaintiff's treatment record which showed improvement with treatment. AR 38.

The ALJ additionally found the opinions of Dr. Flanagan and Dr. Ruth to be generally persuasive on the basis that (1) they were generally supported and consistent with the medical record and were based upon a thorough review of the available medical record and a comprehensive understanding of the agency rules and regulations, and (2) the opinions were generally consistent with plaintiff's treatment record. *Id*.

The opinion of a non-treating or non-examining physician may serve as substantial evidence only if "the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002). The non-treating and non-examining medical professionals relied on by the ALJ were inconsistent with the treatment notes, and inconsistent with the assessment of Dr. Maidan, as discussed below.

**2. Whether the Appeals Council evidence undermines the ALJ's finding**

1        Plaintiff asserts that evidence submitted to the Appeals Council after the ALJ's decision – an opinion from plaintiff's treating physician, Dr. Michael Maidan – undermines the ALJ's decision. Dkt. 10 at 6-8.

       The Court may review evidence presented first to the Appeals Council when determining whether "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)). The Ninth Circuit did not require a finding that plaintiff had good cause for failing to produce the new evidence earlier. *See Ramirez*, 8 F.3d at 1451-54; *see also Taylor*, 659 F.3d at 1232.

       The Ninth Circuit has held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) (emphasis added).

       The Appeals Council found that the medical assessment from Dr. Michael Maidan dated April 29, 2022, did not show a reasonable probability that it would change the outcome of the decision and did not exhibit the evidence. AR 8. Dr. Maidan completed a "cervical spine medical source statement" in which he stated that he has seen plaintiff seven times since September 2020, approximately every three months. AR 14. Dr. Maidan diagnosed plaintiff with cervical spondylitic radiculomyelopathy with myelomalacia, central pain syndrome, and bilateral carpal tunnel. *Id*. Dr. Maidan opined

that plaintiff's prognosis was poor, worsening, unlikely to improve. *Id*. He opined that plaintiff suffered from headaches three times a week for six hours at a time, can walk one city block without rest or severe pain, can sit and stand/walk for less than two hours total in an eight-hour workday, requires fifteen-minute breaks every hour to lie down, and would be absent from work more than four days a month. AR14-18. Dr. Maidan indicated that plaintiff's symptoms and functional limitations existed as of March 15, 2019. AR 18.

Plaintiff argues that Dr. Maidan's evaluation provides further support for plaintiff's testimony, and it shows that the ALJ's decision was not supported by substantial evidence and was based on legal error. Dkt. 10 at 8. The Commissioner argues that the "check-box form" completed by Dr. Maidan does not contain detailed objective findings connected to evaluations conducted during the relevant period. Dkt. 17 at 5.

The Commissioner's argument asks the Court to engage in improper "post hoc rationalizations." *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009). A check-box form is not less persuasive than other forms of evaluation, when the medical professional has a treating/examining relationship with the patient and the treatment notes are consistent with the check-box form. A check-box form may be used by medical professionals, and should not be rejected if the form is supported by direct experience of the medical professional and supported by treatment records. *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)).

In this situation, Dr. Maidan's treatment notes, and treatment and examination notes from other Multicare doctors during 2019-2021 – for example, Neurology Clinic progress notes of Dr. Gregory Bell – support the boxes checked by Dr. Maidan on this

form. *See, e.g.,* AR 482-485, 489-495, 503-509, 512-519, 538, 546-555, 663-664, 666-673, 716, 720-727, 746-751, 779-793. TRA Radiology reports dated June 8, 2021 show "cervical spondylosis and ligamentum flavum involving resulting in moderate-severe spinal canal stenosis at C2-3", and "core signal abnormality and volume loss compatible with myelomalacia at the C6 level, without any recurrent spinal canal stenosis at this level." AR 750-751.

Considering the context of Dr. Maidan's opinion, the Court cannot conclude that the ALJ's opinion was supported by substantial evidence or free of legal error. *See Taylo*r, 659 F.3d at 1232. Dr. Maidan's opinion contains a greater degree of limitations than opined by the state agency consultants and supports plaintiff's testimony about symptoms and limitations. Additionally, Dr. Maidan's opinion suggests a greater degree of limitation than the hypothetical questions posed by the ALJ to the Vocational Expert, AR 75-77, or those described by the ALJ in the RFC. AR 30. Therefore, the Court cannot conclude that, with the inclusion of this evidence, the ALJ's determination is supported by substantial evidence.

## CONCLUSION

Based on the foregoing discussion, the ALJ's decision is reversed and remanded for further administrative proceedings. The remaining issues, of whether the ALJ properly evaluated plaintiff's statements about symptoms and limitations, lay witness evidence, and whether the RFC was accurately evaluated, are dependent on medical evidence. Therefore, on remand, the Commissioner shall conduct a de novo hearing, consider the evidence that was before the Appeals Council, along with any additional evidence submitted by plaintiff in support of the application for benefits, and shall

consider plaintiff's statements about symptoms and limitations, lay witness evidence, and the RFC, in the context of the additional evidence on remand. *Cf. Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1163-1165 (9th Cir. 2012) (remanding for award of benefits).

Dated this 19th day of January 2024

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge